Dear Ms. Lamb:
Your request for an opinion states that the Department of Elections and Registration extended a 10% pay increase to the classified registrar of voters employees in October of 2003, which has been objected to by the East Baton Rouge Parish governing authority as a prohibited, unfunded mandate. Your letter further states that the pay increase would amount to a $12,500 total increase for the parish, and you ask the following questions:
 1. Does Attorney General Opinion No. 02-0173 apply to the instant situation?
 2. If so, does the instant pay increase amount to a significant impact on the parish's budget?
 3. If not, does the accumulation of the pay increase from the job study in 2002 and the recent 10 percent increase create a significant impact on the parish budget?
 In Attorney General Opinion No. 02-0173, our office was asked to give an opinion to the parish attorney's office for the City of Baton Rouge as to the constitutionality of a state department action mandating an increase in expenditures by a local governing authority. We opined that the action of State Civil Service, suggesting a classification change for employees in the registrars of voters offices, did not constitute a state executive order, rule or regulation for purposes of the constitutional prohibition of increasing the financial burden of political subdivisions in Article VI, Section 14, even though the implementation of this action by the Department of Elections resulted in a fiscal impact on the city/parish government. Thus, we reviewed the fiscal impact and concluded that pay raises in the approximate amount of $7,500 caused a 0.00152% effect on an estimated $492 million budget, and was not a significant fiscal impact on the city/parish.
When researching this matter, we learned that the basis for this increase in pay was a change in the minimum hiring rate by the Department of Elections due to the economic and employment conditions in the Registrars of Voters' offices statewide. Pursuant to Civil Service Rule 6.5(b) [See,http://www.dscs.state.la.us]:
 When economic or employment conditions cause substantial recruitment or retention difficulties, the Director may authorize the appointment of qualified applicants at a special entrance rate or may authorize the use of a special retention rate within the range, or within the range plus base supplement authorized for the position, for the job in a limited geographical area or for positions in a job where employment conditions are unusual.
 1. The department or departments to which the special rate is made applicable having employees in the same job in the affected area or locale where the special rate will be used, shall increase the pay rate of all such employees to the special rate. All new hires shall be paid at the special entrance rate or special retention rate. An appointing authority may adjust the salaries of employees working in the positions to which the special entrance rate applies to any salary up to but not to exceed the amount of the percent difference between the special rate and the current hiring rate.
* * *
 3. Special entrance rates and special retention rates must be approved by the commission at its next scheduled meeting after action was taken by the Director.
 As per the September 12, 2003 letter by the Director of the Department of State Civil Service, the State Civil Service Commission on August 6, 2003 approved the flexible maximum hire rates proposed by the Department of State, effective September 9, 2003. A copy of the letter is attached for your information and review.
Thus, the Registrars of Voters' offices in this state were required to increase the pay rate of all presently employed personnel to this new special rate. And as you are aware, the state pays one-half the salary and the parish governing authority pays one-half the salary of the registrars' permanent employees, pursuant to LSA-R.S. 18:59.
As noted in Opinion No. 02-0173, we find that the type of action taken by the Department of Elections under the state civil service rules does not constitute a state executive order, rule or regulation for purposes of Art. VI, Sec. 16, where "no law or state executive order, rule or regulation requiring increased expenditures for any purpose shall become effective within a political subdivision until approved by ordinance resolution or until the legislature appropriates funds for the purpose or until a law provides for a local source of revenue ". However, should the action be viewed as such, then the question becomes whether the action has a significant fiscal impact on the parish governing authority, as this constitutional provision exempts "a law having insignificant fiscal impact on the affected political subdivision". LSA-Const. Art. VI, Sec. 14 (1974).
According to your letter, a 10 percent pay increase to the classified employees in your office would amount to approximately $12,500 for the parish's portion. Our research shows that the 2003 city/parish budget was approximately $529 million from all sources. By our calculations, an impact of $12,500 of $529 million is 0.00236%. And such impact would even be less if based on the 2004 budget of approximately $549 million [0.00228%]. These figures have a little more financial impact than those figures reviewed in earlier opinions: (1) Atty.Gen.Op. No. 02-0173, $7,500 of $492 million = 0.00152%; (2) Atty.Gen.Op. No. 00-268, $3,200 of $4,442,000 = 0.00072%. However, the impact appears insignificant in this matter, just as it did in our earlier opinions.
Finally, you ask whether the accumulation of the pay increase from the job study in 2002 [discussed in Atty.Gen.Op. No. 02-0173] and the recent 10 percent increase create a significant impact on the parish budget. At the time of the 2002 pay raise that resulted from the job study, the raise only affected eight workers in your office and the amount was approximately $7,500. Calculating that sum with the present 10 percent increase for a total expenditure of approximately $20,000, such figure would impact the $529 million 2003 budget at 0.00378% and the $549 million 2004 budget at 0.00364%. Again, we are of the opinion that these estimated impacts on the total budget of the city/parish appear insignificant in this matter.
Trusting that this opinion addresses your questions, we remain
Yours very truly,
CHARLES C. FOTI, JR
ATTORNEY GENERAL
_________________________________
ANGIE ROGERS LAPLACE
Assistant Attorney General
CCF, JR/ARL;mjb
September 12, 2003
Repetitive Leter (See Attached List)